**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 117258

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

| | |
|---|---|
| Martha Gentile, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>Diversified Consultants Inc.,<br><br>Defendant. | Docket No:<br><br>**CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Martha Gentile, individually and on behalf of all others similarly situated (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Diversified Consultants Inc. (hereinafter referred to as "*Defendant*"), as follows:

**INTRODUCTION**

1.      This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA") and the Florida Consumer Collection Practices Act, § 559.55, Fla. Stat., *et seq.* (the "FCCPA").

**JURISDICTION AND VENUE**

2.      This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d), and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

1

3. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendant conducted business within the State of New York.

## PARTIES

5. Plaintiff Martha Gentile is an individual who is a citizen of the State of Florida residing in Palm Beach County, Florida.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) and Fla. Stat. § 559.55(8).

7. On information and belief, Defendant Diversified Consultants Inc., is a Florida Corporation with a principal place of business in Duval County, Florida.

8. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Fla. Stat. § 559.55(7).

10. Defendant is a corporation subject to the FCCPA.

## ALLEGATIONS

11. Defendant alleges Plaintiff owes a debt ("the Debt").

12. The Debt was primarily for personal, family or household purposes – namely, a personal credit card account – and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

13. Sometime after the incurrence of the Debt, Plaintiff fell behind on payments owed.

14. Thereafter, at an exact time known only to Defendant, the Debt was assigned or otherwise transferred to Defendant for collection.

15. In its efforts to collect the debt, Defendant contacted Plaintiff by letter ("the Letter") dated March 6, 2018. (**Exhibit 1.**")

16. The Letter was the initial communication Plaintiff received from Defendant.

17. The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

18. The statute of limitations on the Debt expired prior to the date of the Letter.

19. Defendant knew the statute of limitations on the Debt expired prior to the date of

2

the Letter.

20. The Letter demands payment of the Debt.

21. The Letter states: "The law limits how long you can be sued on a debt. Because of the age of your debt, LVNV Funding LLC will not sue you for it."

22. Making any payment on a time-barred debt may result in revival of an otherwise time-barred debt.

23. Making any promise to pay a time-barred debt may result in revival of an otherwise time-barred debt.

24. The Letter fails to inform Plaintiff that any payment on a time-barred debt may result in revival of an otherwise time-barred debt.

25. The Letter fails to inform Plaintiff that any promise to pay a time-barred debt may result in revival of an otherwise time-barred debt.

26. Notwithstanding the expiration of the statute of limitations, the Letter fails to inform Plaintiff that any payment by Plaintiff may result in the revival of Plaintiff's otherwise time-barred debt.

27. Notwithstanding the expiration of the statute of limitations, the Letter fails to inform Plaintiff that any promise by Plaintiff to pay the Debt may result in the revival of Plaintiff's otherwise time-barred debt.

## FIRST COUNT
## Violation of 15 U.S.C. § 1692e

28. Plaintiff repeats and realleges paragraphs 2, 3, 4, 6, and 9 through 27 as if fully restated herein.

29. 15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

30. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

31. Collection letters are examined for purposes of 15 U.S.C. § 1692e under the "least sophisticated consumer" standard.

32. Defendant violated the aforementioned Sections of the FDCPA because the least sophisticated consumer could be deceived into making a payment on the Debt, which may result in revival of the otherwise time-barred debt.

33. Defendant violated the aforementioned Sections of the FDCPA because the least sophisticated consumer could be deceived into promising to pay the Debt, which may result in revival of the otherwise time-barred debt.

## SECOND COUNT
## Violation of § 559.72 of the FCCPA

34. Plaintiff repeats and realleges paragraphs 2, 3, 4, 6, 9 through 33, as if fully restated herein.

35. Section 559.72(9) of the FCCPA provides that a debt collector shall not "Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist."

36. Defendant violated Section 559.72(9) of the FCCPA by asserting the existence of a legal right to obtain payment on the Debt by some means, other than voluntary payment, despite knowing the statute of limitations on the Debt expired prior to the date of the Letter.

## CLASS ALLEGATIONS

37. Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of Florida from whom Defendant attempted to collect a time-barred consumer debt without disclosing that making a payment, or promising to make a payment of the debt, may result in revival of the otherwise time-barred debt, from two years before the date of this Complaint to the present.

38. This action seeks a finding that Defendant's conduct violates the FDCPA and FCCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k and Fla. Stat. § 559.77(2).

39. Defendant regularly engages in debt collection.

40. The Class consists of more than 35 persons from whom Defendant attempted to collect a time-barred consumer debt without disclosing that making a payment, or promising to make a payment of the debt, may result in revival of the otherwise time-barred debt

4

41. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

42. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

43. Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

## JURY DEMAND

44. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

    a. Certify this action as a class action; and

    b. Appoint Plaintiff as Class Representative of the Class, and Plaintiff's attorneys as Class Counsel; and

    c. Find that Defendant's actions violate the FDCPA and FCCPA; and

    d. Grant damages against Defendant pursuant to 15 U.S.C. § 1692k and Fla. Stat. § 559.77(2); and

    e. Grant Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k and Fla. Stat. § 559.77(2); and

    f. Grant Plaintiff's costs; together with

    g. Such other relief that the Court determines is just and proper

DATED: March 28, 2019

          **BARSHAY SANDERS, PLLC**

          By: _/s/ Craig B. Sanders_____
          Craig B. Sanders, Esq.
          100 Garden City Plaza, Suite 500
          Garden City, New York 11530
          Tel: (516) 203-7600
          Fax: (516) 706-5055
          csanders@barshaysanders.com
          *Attorneys for Plaintiff*
          Our File No.: 117258